Abraham N. Geller, J.
The motion to set aside the verdict in this case requires, in the court’s view, serious consideration with respect solely to the ground of excessiveness as to the second cause of action for wrongful death. The verdict was not a large one — $500 for conscious pain and suffering and $5,200 plus funeral and hospital expenses for the wrongful death — but, nevertheless, under the exceptional circumstances disclosed, the award of $5,200 for the pecuniary loss suffered by the widow and the adult self-supporting son in consequence of the death must be held to be excessive.
It seems clear that the jury permitted sympathy for the widow, compelled finally to live separate and apart from a husband who had become an alcoholic derelict, to enter into their verdict. The test, as the court charged, is “ the reasonable expectancy of future assistance or support.”
The widow’s own testimony was that during the period of more than two years before the fatal accident she had received nothing from her husband except the total sum of $8 at the Christmas and Easter holidays. It is true that she could at any time have asserted her right to support. But the question here *204 is not the legal liability for support but the reasonable expectancy under the existing circumstances of obtaining it. The hospital record and autopsy report in evidence indicated that decedent was suffering from probable delirium tremens and probable tuberculosis. His condition at the time confirmed his story, recorded in the hospital notes, of a three months’ drinking spree immediately preceding this accident.
Despite the reluctance of the court to disturb the quantum of a jury’s verdict in cases of this kind, it is constrained to grant the motion, to the extent of ordering a new trial of the second cause of action for wrongful death unless the plaintiff stipulates within 15 days from the date hereof to reduce the recovery therein to $2,500 plus the funeral and hospital expenses. Order to be settled on notice, if further proceedings are to be had.